IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ENATORMA S. ROGERS
        Plaintiff,
v.

No.

MARIS GROVE, INC., d/b/a
ERICKSON LIVING

JURY TRIAL DEMANDED

        Defendant.

## COMPLAINT

Plaintiff Enatorma S. Rogers files this Complaint against Defendant Maris Grove, Inc., d/b/a Erickson Living, and in support thereof avers as follows:

### Nature of Claim

1. Plaintiff's Complaint concerns violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. §2000e, et. seq. ("Title VII").

2. Plaintiff requests a trial by jury of the claims raised herein.

### Jurisdiction and Venue

3. The jurisdiction of this Court is based upon 28 U.S.C. §1331, in that this Court has original jurisdiction over Count I, which is based upon the laws of the United States of America.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1392(b) in that Defendant has ongoing business operations in this District and a substantial part of the events giving rise to the claim occurred in this District.

5. The amount in controversy exceeds $150,000.00 over the remaining lifetime of Plaintiff, exclusive of interest and costs.

6. Plaintiff has complied with the applicable administrative remedies by filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-2013-00394, and simultaneously filing a Charge with the Pennsylvania Human Relations Commission ("PHRC"), Case no. unknown.

7. On July 1, 2013, the EEOC issued a Dismissal and Notice of Suit Rights, permitting Plaintiff to file her claim under Title VII in this action.

8. Plaintiff intends to amend this Complaint and assert a cause of action for national origin discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a) ("PHRA") upon receipt of applicable authority from the EEOC and PHRC.

## Parties

9. Enatorma S. Rogers ("Rogers"), is an individual who presently resides at 1101 Macdade Boulevard, Apartment A-1, Collingdale, PA 19023.

10. Defendant Maris Grove, Inc., d/b/a Erickson Living ("Maris Grove"), is a Maryland corporation, which maintains a principal place of business in the Commonwealth of Pennsylvania at 200 Maris Grove Way, Glen Mills, PA 19342.

11. Erickson Living maintains 16 full service retirement communities in 9 states.

12. At all times relevant hereto, Defendant Maris Grove was acting through its agents, servants and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Maris Grove.

## Factual Background

13. Plaintiff is a Black African native of the country of Sierra Leone, who speaks with a heavy accent, known as Krio.

14. Sierra Leone is a country in West Africa. Rogers originally came to the United States in April 1991 and is now a permanent resident.

15. In January 2011, Rogers began working for Defendant Maris Grove as a Certified Nursing Assistant ("CNA") at a facility located in Glen Mills, Pennsylvania, which provides residential and nursing services to adults.

16. Plaintiff Rogers was continuously employed until September 1, 2012 at which time she earned $17.34 per hour as a full-time employee.

17. To the best of Plaintiff Rogers' knowledge, she was the only native of Sierra Leone employed at Maris Grove and one of few, if not the only CNAs, who was not a native of the United States of America.

18. Throughout her career at Maris Grove Plaintiff Rogers performed her job to the best of her capabilities.

19. In February 2012, Plaintiff Rogers was advised by management that she could no longer take care of a patient at the facility known as "GG" because of Rogers' heavy accent.

20. From that time forward "GG" was primarily under the care of Certified Nursing Assistant Linda Ford ("Ford"), a black African American who is a native of the United States.

21. Maris Grove Management was aware that certain employees at the facility ridiculed Plaintiff Rogers because of her accent.

22. On August 31, 2012, Plaintiff Rogers advised Nursing Assistant Ford that as per Maris Grove policy she was going to have to report Tyra Johnson ("Johnson"), a

3

Certified Nursing Assistant, who Rogers observed leaving the building without punching out of the timekeeping system and taking breaks in violation of company policy.

23. At that time Plaintiff Rogers indicated to Ford that she would report the information the following Tuesday, September 4, 2012, when Administrative Director Julie Heeter ("Heeter"), returned to work.

24. The next day, on September 1, 2012, Plaintiff Rogers received a telephone call at her home questioning a situation involving patient care and alleged abuse of the patient known as "GG."

25. Plaintiff Rogers never abused any patient in any way whatsoever.

26. On September 4, 2012, Administrative Director Heeter, contacted Rogers again by telephone and advised Rogers that she would have to provide a written statement, and asked several questions regarding treatment of the patient known as "GG."

27. On September 4, 2012, as requested, Plaintiff Rogers submitted a written Statement indicating that she had never been rude or abusive with any client or any support aide.

28. Plaintiff Rogers did indicate that there was a situation where an Aide advised Rogers that "GG" fell.

29. Plaintiff Rogers asked the Aide what happened, correctly reported the incident, advised the Aide to complete an Incident Report, and GG's vital signs were checked.

30. In her September 4, 2012 Statement, Plaintiff Rogers indicated she believes that the anonymous call was made by Certified Nursing Assistant Ford because

4

Rogers had advised Ford that she was going to report time fraud by Nursing Assistants at the facility.

31. In her Statement Plaintiff Rogers also indicated that on the evening of August 31, 2012 she spotted Certified Nursing Assistants Ford and Johnson speaking and that she heard Johnson, comment, "Well, Someone is going to pay."

32. On September 8, 2012, Plaintiff Rogers was called into meeting with a Maris Grove Human Resource Manager and advised that she would have to provide a statement to the Pennsylvania Department of Public Welfare the same day regarding treatment of "GG."

33. Rogers provided truthful information in her Statement to the Pennsylvania Department of Public Welfare

34. On September 14, 2012, Plaintiff Rogers was advised that her employment was terminated due to misconduct.

35. Plaintiff Rogers did not engage in misconduct.

36. Plaintiff Rogers has never been advised as to the nature of the alleged misconduct that resulted in her termination.

37. Plaintiff Rogers has learned that the Department of Welfare found that she did not abuse any patient and that the report that was submitted was false and unsubstantiated.

38. Upon information and belief, the anonymous call regarding the alleged abuse was submitted by Ford and was false.

39. Neither Ford, nor Johnson was disciplined for knowingly providing false information.

40. In terminating Plaintiff Rogers' employment Defendant Maris Grove has treated Rogers differently than Certified Nursing Assistants who are natives of the United States, do not speak with a heavy accent, and engaged in clear willful misconduct at the workplace, including Ford and Johnson.

41. Plaintiff Rogers, a native of Sierra Leone, was treated differently than similarly situated natives of the United States of America.

42. Upon information and belief, following the termination of Plaintiff Rogers' employment, Rogers' duties were assumed by an employee who is not is not a native of the country of Sierra Leone.

43 Plaintiff Rogers has experienced considerable financial damage and emotional distress as a direct result of Defendant Maris Grove's actions.

44. Defendant Maris Grove's actions have been willful and outrageous in that the motives and conduct as set forth above are malicious, wanton, reckless and oppressive.

## COUNT I

### VIOLATION OF TITLE VII, 42 U.S.C. §2000e-2, et. seq.
### DISCRIMINATION BASED UPON NATIONAL ORIGIN

45. Paragraphs 1 to 44 are incorporated herein as if set forth in full.

46. Plaintiff Rogers is a member of a protected class.

47. Defendant Maris Grove has engaged in unlawful employment practices by terminating Plaintiff Rogers' employment because of her national origin.

48. Defendant Maris Grove's decision to terminate Plaintiff Rogers' employment was arbitrary and capricious, and based upon a discriminatory animus

6

towards a native of Sierra Leone, who is not a native of the United States in the workplace.

49. Defendant Maris Grove has discriminated against Plaintiff Rogers by treating her differently based upon her national origin.

50. Defendant Maris Grove's conduct constitutes unlawful discrimination in violation of Title VII, which forbids national origin discrimination.

WHEREFORE, Plaintiff Enatorma S. Rogers requests that this Court enter judgment in her favor, against Defendant Maris Grove, Inc., d/b/a Erickson Living, and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature; award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses which he has been denied and lost including, back pay and front pay; compensatory damages, attorneys fees', expert witness fees, punitive damages, costs, and all other relief permitted under applicable law.

_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Enatorma S. Rogers

Dated: July 22, 2013